(No. 93-CC-2667—

In re APPLICATION OF LINDA A. (DANIELS) REININGER

*Opinion filed June 29, 1993.*

LINDA A. (DANIELS) REININGER, *pro se,* for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim is before the Court by reason of the death of Roy E. Reininger, who was a detective with the Village of Schaumburg Police Department. Detective Reininger's widow, Linda A. (Daniels) Reininger, seeks compensation pursuant to the terms and provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 281 *et seq.*).

The Court has carefully considered the claim for death benefits submitted herein, together with the written statement of Detective Reininger's supervising officer and documentation submitted therewith, the medical

examiner's certificate of death, autopsy report, case report, the decedent's designation of beneficiary form, and the report of the Attorney General.

The instant claim was filed herein on April 9, 1993, by Linda A. (Daniels) Reininger, widow of Roy E. Reininger, who died on December 31, 1992, while a detective with the Village of Schaumburg Police Department.

The record reveals that Detective Reininger was killed on December 31, 1992, when he drove an unmarked police car into the rear of a truck on Schaumburg Road at its intersection with Branchwood Drive in the Village of Schaumburg, Illinois. Detective Reininger was pronounced dead on December 31, 1992, at Humana Hospital of Hoffman Estates. The certificate of death indicates that the cause of death was multiple injuries due to an automobile-truck collision.

Detective Reininger is survived by his wife, Linda A. (Daniels) Reininger, the Claimant herein, and she was named as the sole beneficiary of any benefits payable under the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1991, ch. 48, par. 281 *et seq.*).

A precondition to the granting of compensation under the Law Enforcement Officers and Firemen Compensation Act, *supra*, is that the law enforcement officer have been "killed in the line of duty." (Ill. Rev. Stat. 1991, ch. 48, par. 282(e).) The Act further dictates that, "The term (killed in the line of duty) excludes death resulting from willful misconduct or intoxication of the officer * * *."

According to Captain Casler's statement of supervising officer and the toxicology analysis attached to the

autopsy report, Detective Reininger had a blood-alcohol concentration of .207 at the time of his death. Since this exceeds the limit for the legal definition of intoxication, it appears that Detective Reininger was not "killed in the line of duty" as required by the Law Enforcement Officers and Firemen Compensation Act.

It is therefore ordered that the claim of Linda A. (Daniels) Reininger for compensation under the Law Enforcement Officers and Firemen Compensation Act, *supra*, be, and hereby is, denied.